UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALAN MARCHANT,<br>　　　　Petitioner,<br>　v.<br>HUNTER ANGLEA,<br>　　　　Respondent. | Case No. 19-cv-06831-JST<br><br>**ORDER TO SHOW CAUSE** |

Petitioner David Alan Marchant, an inmate at Sierra Conservation Center, filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory or palpably incredible, or patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (internal quotation marks, alteration marks, and citations omitted).

None of the claims raised in the petition warrants summary dismissal. Accordingly, it is hereby ordered that:

　　　　1.　　　　The Clerk shall mail a copy of this order and the petition with all attachments to

1 Respondent Hunter Anglea and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent shall file with the Court and serve on Petitioner, within **91 days** of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **35 days** of the date the answer is filed.

3. Respondent may file with the Court and serve on Petitioner, within **91 days** of the date of this order, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **28 days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **14 days** of the date any opposition is filed.

4. Upon a showing of good cause, requests for reasonable extensions of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: November 13, 2019



JON S. TIGAR
United States District Judge